**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5095**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

AVERY SHANDEL JAMES,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Glen E. Conrad, District Judge.  (3:05-cr-00227)

Submitted:  April 16, 2008                Decided:  May 6, 2008

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Keith M. Stroud, Sr., Charlotte, North Carolina, for Appellant. Kevin Zolot, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Avery Shandel James was convicted by a jury of conspiracy to commit bank robbery, aiding and abetting bank robbery, aiding and abetting armed bank robbery, aiding and abetting the possession and use of a firearm in connection with a crime of violence, aiding and abetting the possession of a firearm by a felon, possession of a firearm with an obliterated serial number, conspiracy to obstruct justice and suborn perjury, and obstruction of justice, in violation of 18 U.S.C. §§ 2; 371; 922(g)(1), (k); 924(c)(1)(a); 1503; 1622; 2113(a), (d) (2000). The district court determined that the statutory conditions set forth in 18 U.S.C. § 3559(c) (2000) were satisfied, and sentenced James to a mandatory term of life imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether James's sentence of life imprisonment under 18 U.S.C. § 3559(c) violates the Eighth Amendment's prohibition against cruel and unusual punishment. James was notified of his right to file a pro se supplemental brief, but did not do so, and the Government elected not to file a responding brief.

James contends the imposition of a life sentence pursuant to § 3559(c) violates the Eighth Amendment in this case because it does not take into account the circumstances of his childhood. The Eighth Amendment "forbids . . . extreme sentences that are grossly

- 2 -

disproportionate to the crime [committed]." Ewing v. California, 538 U.S. 11, 24 (2003) (plurality opinion) (internal quotation marks omitted). Three factors in determining proportionality are: "'(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.'" Id. at 22 (quoting Solem v. Helm, 463 U.S. 277, 292 (1983)).

Under the first factor, it is clear that the gravity of James's offenses are great. The jury determined that James conspired with three other individuals to commit armed bank robbery. Furthermore, James sought to impede the robbery's investigation by procuring witnesses to provide him a false alibi. As to the second and third factors, James's sentence is not disproportionate in comparison with other sentences under the Guidelines or sentences imposed by states within the Fourth Circuit. See, e.g., W. Va. Code Ann. § 61-11-18(c) (West 2008) (mandating life imprisonment for defendant with two prior convictions punishable by confinement). Recidivism statutes "reflect[] a rational legislative judgment, entitled to deference, that offenders who have committed serious or violent felonies and who continue to commit felonies must be incapacitated." Ewing, 538 U.S. at 30. Before his current offenses, James was twice convicted of felonious breaking and entering as well as robbery with a

dangerous weapon.  Therefore, considering all of these factors, we conclude James's sentence is not constitutionally disproportionate.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm the convictions and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>